**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **LINFO IP, LLC,** ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:21-cv-01072 |
| v. ) | |
| ) | |
| **COSTCO WHOLESALE** ) | |
| **CORPORATION,** ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Linfo IP, LLC ("Linfo") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,092,428 ("the '428 patent") (referred to as the "Patent-in-Suit") by Costco Wholesale Corporation ("Costco").

## I.  THE PARTIES

1. Plaintiff Linfo is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Costco is a corporation existing under the laws of the State of Washington, with a regular and established place of business located at 10401 Research Blvd, Austin, TX 78759.  On information and belief, Costco sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Costco may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201 at its place of business or anywhere they may be found.

## II.  JURISDICTION AND VENUE

1

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '428 Patent

6. On September 20, 2016, U.S. Patent No. 9,092,428 ("the '428 patent", attached as Exhibit A) entitled "System, methods and user interface for discovering and presenting information in text content" was duly and legally issued by the U.S. Patent and Trademark Office. Linfo IP, LLC owns the '428 patent by assignment.

7. The '428 patent relates to a novel and improved methods and apparatuses for conducting electronic commerce.

8. Costco maintains, operates, and administers systems that facilitate discovering and presenting information in text content with different view formats that infringes one or more claims of the '428 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '428 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| 1. A computer-assisted method for discovering information in a text content and extracting and presenting the information, comprising: | For Example: Costco's web site has an <u>interactive product review section</u> that allows customers to filter reviews from high to low. |
|---|---|
|  | |

https://www.costco.com/.product.100744819.html

5

4

| obtaining, by a computer system, a text content comprising one or more words or phrases or sentences, each being a term or an instance of a term; | For Example:  The customer clicks on the review for Jabra Elite 85T True Wireless Earbuds with Advance ANC and 2 Charging Pads on Costco's web site and 5-star, 4-star, 3-star 2-star and 1-star text reviews pop up.  https://www.costco.com/.product.100744819.html |

6

| selecting a first semantic attribute and a second semantic attribute for users to select from, wherein the first semantic attribute or the second semantic attribute includes an attribute type or attribute value; | For Example: The customer can select a first semantic attribute (high rating which is a 5-star attribute value) and a second semantic attribute (low rating which is a 1-star attribute value). |
|---|---|



https://www.costco.com/.product.100744819.html

7

| | |
|---|---|
| wherein the first semantic attribute is associated with a first name or description, and the second semantic attribute is associated with a second name or description; | For Example:  The customer can select a first semantic attribute (high rating which is a 5-star attribute value) and a second semantic attribute (low rating which is a 1-star attribute value).<br><br><br><br>https://www.costco.com/.product.100744819.html |

8

| wherein the first semantic attribute is associated with a first name or description, and the second semantic attribute is associated with a second name or description; | For Example: The customer can select a first semantic attribute (high rating which is a 5-star attribute value) <u>and a second semantic attribute (low rating which is a 1-star attribute value).</u>  https://www.costco.com/.product.100744819.html |
|---|---|

| | |
|---|---|
| identifying a words or phrases in the text content associated with the first semantic attribute or the second semantic attribute; | For Example:  The customer can select a first semantic attribute (high rating which is a 5-star attribute value).  https://www.costco.com/.product.100744819.html |

10

| displaying an actionable user interface object, wherein the actionable user interface object is associated with a label representing the first name or description or the second name or description; | For Example:  The customer can select a first semantic attribute (high rating which is a 5-star attribute value) that is displayed on the actionable user interface object.<br><br>▼ Rating    ▼ Loca<br>⊕ 1 star<br>⊕ 2 stars   rage<br>            ble<br>⊕ 3 stars<br>            most<br>⊕ 4 stars<br>            s Me<br>⊕ 5 stars   o to.<br><br>https://www.costco.com/.product.100744819.html |

11

| | |
|---|---|
| allowing the user to select the first name or description or the second name or description as a user-specified or user-desired attribute; | For Example:  The customer can select a first semantic attribute (high rating which is a 5-star attribute value) with the drop-down arrow, as a user-specified or user-desired attribute. |



https://www.costco.com/.product.100744819.html

12

| | |
|---|---|
| and performing, by the computer system, an action on the word or phrase associated with the user-specified or user-desired semantic attribute, wherein the action includes at least extracting, displaying, storing, showing or hiding, or highlighting or un-highlighting the word or phrase. | For Example:  The customer can perform an action on the word "High Rating" which is a user specified semantic attribute (high rating or 5-star attribute value), with the drop-down arrow. as a user-specified or user-desired attribute; and the 5-Star reviews will be extracted and will pop up on the display. |



13

These allegations of infringement are preliminary and are therefore subject to change.

10. Costco has and continues to induce infringement. Costco has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) such as to cause infringement of one or more of claims 1–20 of the '428 patent, literally or under the doctrine of equivalents. Moreover, Costco has known of the '428 patent and the technology underlying it from at least the date of issuance of the patent and from the date of the filing of the lawsuit.

11. Costco has and continues to contributorily infringe. Costco has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) and related services such as to cause infringement of one or more of claims 1–20 of the '428 patent, literally or under the doctrine of equivalents.  Moreover, Costco has known of the '428 patent and the technology underlying it from at least the date of issuance of the patent and from the date of the filing of the lawsuit.

12. Costco has caused and will continue to cause LINFO damage by direct and indirect infringement of (including inducing infringement of) the claims of the '428 patent.

## IV.     JURY DEMAND

LINFO hereby requests a trial by jury on issues so triable by right.

## V.     PRAYER FOR RELIEF

WHEREFORE, LINFO prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '428 patent;

b. award LINFO damages in an amount sufficient to compensate it for Defendant's infringement of the '428 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award LINFO an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award LINFO its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award LINFO such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**



William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for LINFO IP, LLC*